UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DAWN R. LIND,<br><br>             Plaintiff,<br><br>     v.<br><br>THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK AS TRUSTEE; *et al*,<br><br>             Defendants. | Case No. 3:12-cv-162-ST<br><br>FINDINGS AND RECOMMENDATION |

STEWART, Magistrate Judge:

Plaintiff, Dawn R. Lind, appearing *pro se*, has applied to proceed *in forma pauperis* (docket #1).  Because plaintiff indicates that she has no income or assets, her Application for Leave to Proceed *in forma pauperis* should be granted.  However, the Complaint should be dismissed on the basis that it fails to allege subject matter jurisdiction, but leave should be granted to file an amended complaint.

## **FINDINGS**

Pursuant to Fed. R. Civ. P. 12(h)(3), the court must dismiss an action if it determines at any time that it lacks subject matter jurisdiction.

1 - FINDINGS AND RECOMMENDATION

Federal courts are courts of limited jurisdiction and cannot hear every dispute presented by litigants. *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F2d 1221, 1225 (9th Cir 1989). A district court is empowered to hear only those cases which are within the judicial power conferred by the United States Constitution and those which fall within the area of jurisdiction granted by Congress. *Richardson v. United States*, 943 F2d 1107, 1112-13 (9th Cir 1991), *cert denied*, 503 US 936 (1992). Original jurisdiction must be based either on diversity of citizenship, involving suits involving more than $75,000 between citizens of different states, 28 USC § 1332, or on a claim involving the Constitution, laws, or treaties of the United States, 28 USC § 1331.

To invoke federal question jurisdiction, plaintiff must plead that defendants have violated some provision of the United States constitution or some federal statute. In her Complaint, plaintiff seeks declaratory relief pursuant to ORS 28.160 and injunctive relief to enjoin a foreclosure sale set for February 13, 2012. She does not plead that defendants have violated any federal constitutional or statutory provision. Therefore, this court does not have federal question jurisdiction.

Diversity jurisdiction requires that all plaintiffs be of different citizenship than all defendants. *Pullman Co. v. Jenkins*, 305 US 534, 541 (1939). To establish diversity jurisdiction, plaintiff must allege that she is a citizen of the State of Oregon, that all of the defendants are citizens of other states, and that she seeks damages of more than $75,000. Plaintiff does not allege the citizenship of herself or any of the defendants. However, plaintiff lists an address in Oregon, such that she likely is a citizen of Oregon. Although not alleged, all defendants may well be citizens of other states.

2 - FINDINGS AND RECOMMENDATION

Even if plaintiff amends her Complaint to allege the diversity of the parties' citizenship, she also must allege damages of more than $75,000. She does not do so. Instead, she seeks damages of $49,500, well below the jurisdictional threshold. This court notes that plaintiff also seeks to recover attorney fees. If attorney fees are recoverable by plaintiff, by statute or by contract, then the attorney fee claim is included in determining the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F3d 1150, 1155-56 (9th Cir 1998). However, plaintiff has not specifically alleged her right to recover attorney fees under any statute or contract.

For failure to allege a basis for subject matter jurisdiction, the Complaint should be dismissed. However, plaintiff may be able to amend her Complaint to allege subject matter jurisdiction based on diversity of citizenship. Therefore, the dismissal should be without prejudice and with the right to file an amended complaint.

Of course, plaintiff may wish to file her claim in state court instead.

## RECOMMENDATION

Based on the foregoing, plaintiff's Application for Leave to Proceed *in forma pauperis* (docket #1) should be GRANTED, but the Complaint should be DISMISSED without prejudice and with leave granted to file an amended complaint within 30 days, containing a short and plain statement of the basis for subject matter jurisdiction. Plaintiff should be advised that failure to file an amended complaint will result in the dismissal of this proceeding for lack of prosecution.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due Friday, February 17, 2012. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

3 - FINDINGS AND RECOMMENDATION

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## **NOTICE**

This Findings and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED this 31 day of January, 2012.

s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge

4 - FINDINGS AND RECOMMENDATION